**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **D.R.W.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-90 (MTT) |
| | ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Pending before the Court is United States Magistrate Judge Charles H. Weigle's recommendation to remand Plaintiff's case to the Commissioner for reevaluation of the evidence pursuant to both sentences four and six of 42 U.S.C. § 405(g). Doc. 20. Specifically, the Magistrate Judge recommends remand pursuant to sentence four because (1) substantial evidence does not support the Administrative Law Judge's finding that Plaintiff could perform simple, routine work notwithstanding the deficits in her concentration flowing from fatigue; and (2) the Appeals Council erred by failing to consider Dr. Lee Hyer's records, including his June 2018 examination report. *Id.* at 13-18. He recommends remand pursuant to sentence six because of new evidence, a letter from Dr. Christina L. Mayville, which Plaintiff submitted for the first time to this Court. *Id.* at 19-20.

The Commissioner objected to the Magistrate Judge's recommendation that the case be remanded pursuant to both sentences four and six. Doc. 21. The

Commissioner does not contest the remand; he simply requests that the remand be pursuant to sentence four only, with additional instructions for the Commissioner to consider Mayville's letter on remand.[1]  *Id.* at 3.

The Court ordered Plaintiff to respond to the Commissioner's objection.  Doc. 22.  Specifically, the Court ordered Plaintiff to state if he opposes a remand pursuant to sentence four only, with specific instructions for the Commissioner to consider Dr. Mayville's letter on remand.  *Id.* at 2.  In response, Plaintiff indicated she had no objection to such a remand.  Doc. 23.

In *Jackson v. Chater*, the Eleventh Circuit held that a dual basis remand is permissible.  99 F.3d at 1086, 1096 (11th Cir. 1996).  Thus, a district court *may* remand under both sentence four and sentence six.  *Id.*  The Eleventh Circuit did not hold that the district court *must* remand under both sentence four and sentence six when the circumstances are appropriate.  The Court acknowledged that a remand under sentence four that also instructs the Commissioner to hear new evidence while the case is on remand may be appropriate and may be the best way to handle the jurisdictional issues that arise in a dual remand.[2]  *Id.* at 1093 n.3.  But, the Eleventh Circuit cautioned that such approach has the potential to either benefit or harm claimants.

---

[1] The Commissioner incorrectly states that the Magistrate Judge recommends remand pursuant to sentence six so the Commissioner can consider Dr. Lee Hyer's report.  Doc. 21 at 3.  The Magistrate Judge recommends remand pursuant to sentence six so the Commissioner can consider the letter from Dr. Christina L. Mayville, which was first submitted to this Court.  Doc. 20 at 20.  Dr. Hyer's records were submitted to the Appeals Council, and the Magistrate Judge recommends remand under sentence four so the Commissioner can consider these records.  *Id.* at 17-19.

[2] When the Court orders a sentence-four remand, it enters final judgment and loses jurisdiction over the case.  *Jackson*, 99 F.3d at 1095.  An application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") must be filed within thirty days of the remand.  *Id.* at 1096.  But, when the Court orders a sentence-six remand, the Commissioner is required to return to district court to file

Specifically, it may unduly benefit claimants because a sentence-six remand requires a finding that the claimant demonstrate good cause for failure to produce the new evidence earlier, while a sentence-four remand has no such requirement. *Id.* Thus, a sentence-four remand with instructions that the Commissioner consider new evidence may "give claimants more opportunities to bring in new evidence than Congress intended." *Id.* But such a concern is not an issue in this case because the Magistrate Judge found, and the Court agrees, that Plaintiff showed good cause for failing to produce Dr. Mayville's letter at the administrative level. Doc. 20 at 19. Importantly, the Commissioner did not object to this finding and specifically requested that the remand be made pursuant to sentence four with instructions that Dr. Mayville's letter be considered. Doc. 21.

The approach may "take[] away from claimants" because a sentence-four remand with instructions to consider new evidence does not require the return to the district court following the remand proceedings, "so that the court may review the agency's additional or modified findings of fact and enter judgment in favor of one party." *Jackson*, 99 F.3d at 1093 n.3 (citation omitted). "The requisite filing of the findings of fact in the district court is important for two reasons: (1) it acts as an additional check on the Commissioner, and (2) it produces another judgment by a court,

---

additional or modified findings of fact after Commissioner (or the ALJ) considers the new evidence. *Id.* at 1095 (citation omitted). The district court, therefore, "retains jurisdiction over the case throughout the remand proceedings." *Id.* (citation omitted). The sentence-six remand is not a final judgment and the window for filing an EAJA application does not open until the district court enters judgment following completion of the remand proceedings. *Id.* (citation omitted). With a dual basis remand, there may be confusion regarding the finality of the district court's judgment. Although the district court has entered final judgment on the rule-four remand, it has not on the rule-six remand. *Id.* at 1096. As one court put it, *Jackson* raises a "metaphysical question" regarding how "a district court can enter an order that both terminates and retains its jurisdiction over a case." *Hollingsworth v. Astrue*, 2012 U.S. Dist. LEXIS 83544, at *37 (D.C. Minn).

which is relevant for determining the filing window for an EAJA attorney's fees application." *Id.* In this case, however, the Court asked Plaintiff if she had any objection to the remand being pursuant to sentence four only. Doc. 22. She stated that she did not. Doc. 23.

Therefore, the Magistrate Judge's recommendation is **ADOPTED in part** and **DENIED in part**. Specifically, the recommendation that the case be remanded to the Commissioner for reevaluation of the evidence pursuant to sentence four of 42 U.S.C. § 405(g) is **ADOPTED**. Based on the agreement of the parties, Docs. 21; 22; 23, the recommendation that the case be remanded to the Commissioner for reevaluation of the evidence pursuant to sentence six of 42 U.S.C. § 405(g) is **DENIED**. On remand, the Commissioner should assess or reassess (i) the record before the ALJ, (ii) the records from Dr. Lee Hyer submitted to the Appeals Council, and (iii) the letter from Dr. Christina L. Mayville first submitted to this Court.

**SO ORDERED**, this 6th day of April, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT